

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JUAN GARCIA,

             Petitioner,

-against-

MICHAEL ZENK, Warden, MDC-Brooklyn,
THE FEDERAL BUREAU OF PRISONS,
JEFF JOHNSON, ISM Manager, CARLOS
DUFF, Unit Manager, MS. WALLER, Case
Manager, DOES 1 to 10,

             Respondents.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CV-5286 (FB)

*Appearances:*

For the Petitioner:
JUAN GARCIA, *pro se*
19970-179
MDC-Brooklyn
Post Office Box 329002
Brooklyn, New York 11232

For the Respondent:
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
By: JAMES G. MCGOVERN, ESQ.
Assistant United States Attorney
147 Pierrepont Street
Brooklyn, NY 11201

**BLOCK, District Judge:**

        Petitioner, Juan Garcia ("Garcia"), is currently serving a sentence of 37 months at the Metropolitan Detention Center ("MDC") in Brooklyn. Pursuant to 28 U.S.C. § 2241, Garcia petitions the Court for a writ of *habeas corpus*, arguing (1) that the Bureau of Prisons ("BOP") has incorrectly calculated the amount of good-conduct time ("GCT") to be applied to his sentence, and (2) that BOP's method of calculating GCT violates the Equal Protection Clause. Because, as explained below, those arguments are without merit, the petition is denied.

## DISCUSSION

### I. Calculation of GCT

#### A. *Background*

BOP has calculated that, upon his release, Garcia will have accrued 145 days of GCT; Garcia claims that he is entitled to 162 days.[1] The discrepancy is the result of differing interpretations of 18 U.S.C. § 3624(b), which authorizes GCT for federal prisoners. The statute provides that eligible prisoners (i.e., those serving terms of more than one year, excluding life sentences) who display "exemplary compliance with institutional disciplinary regulations" may receive GCT "of up to 54 days at the end of each year of the prisoner's *term of imprisonment*." *Id.* § 3624(b)(1) (emphasis added). The statute further provides that "credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence." *Id.* (emphasis added).

BOP interprets the phrase "term of imprisonment" to mean the amount of time actually served by a prisoner. *See* 28 C.F.R. § 523.20(a) ("When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award...54 days credit for each year served (prorated when the

---

[1]BOP argues that Garcia has failed to exhaust his administrative remedies on this claim. "[F]ederal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief [under § 2241]." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (citing *Guida v. Nelson*, 603 F.2d 261 (2d Cir.1979)). Such failure can be excused, however, where requiring exhaustion would be futile because the administrative agency has taken a "firm stand" on the issue. *See Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997). As explained below, BOP has taken a firm stand on its method of calculating GCT; therefore, requiring Garcia to exhaust administrative remedies would be futile.

time served by the inmate for the sentence during the year is less than a full year)[.]"). BOP prorates GCT for periods of less than a year at a rate of 0.148 days of GCT per day served. *See* BOP Policy Statement 5880.28 ("Sentence Computation Manual"), at 1-45.[2]

Garcia challenges BOP's "time-served" interpretation, arguing that the "term of imprisonment" upon which GCT should be based is the amount of time to which a prisoner has been sentenced. Using this "sentenced-imposed" interpretation, Garcia argues that he is entitled to 54 days of GCT for each of the three years of his sentence, for a total of 162 days of GCT.[3]

BOP agrees that Garcia is entitled to 108 days of GCT for the first two years of his sentence, but argues that, under its "time-served" interpretation, he will actually serve less than the full 13 months remaining in his sentence because his GCT will be subtracted from that period. More specifically, BOP argues that, by the time he is released, Garcia will have earned a total of 145 days of GCT and will, therefore, have served only 250 days of the remainder of his sentence; 250 days served plus 145 days of GCT equals 395 days (i.e., 13 months).[4]

These competing interpretations of § 3624(b) have recently been the subject

---

[2] 54 days of GCT per year ÷ 365 days per year = 0.148 days of GCT per day.

[3] Under his "sentence-imposed" interpretation, Garcia would also be entitled to an additional 4 days (i.e., 30 x 0.148) of GCT for the final month of his sentence; however, he makes no claim for this time.

[4] BOP uses an multi-step, trial-and-error formula to calculate an amount of GCT that both equals 0.148 x time served and, when added to time served, totals the sentence imposed. *See* BOP Policy Statement 5880.28, at 1-44 to 1-48 (explaining the formula).

3

of much litigation. The circuit courts that have considered the issue have uniformly upheld BOP's "time-served" interpretation. *See James v. Outlaw*, 2005 WL 677769 (8th Cir. Mar. 24, 2005) (unpublished); *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005); *Perez-Olivio v. Chavez*, 394 F.3d 45 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001); *Williams v. Lamanna*, 20 Fed. App. 360, 2001 WL 1136069 (6th Cir. 2001) (unpublished). While the Second Circuit has not yet weighed in, district courts in this circuit – including two other members of this Court – have reached the same conclusion. *See Tash v. Zenk*, 2005 WL 503938 (E.D.N.Y. Feb. 14, 2005) (Gleeson, J.); *Sash v. Zenk*, 344 F. Supp. 2d 376 (E.D.N.Y. 2004) (Garaufis, J.); *Schurkman v. Bureau of Prisons*, 2004 WL 2997863 (S.D.N.Y. Dec. 28, 2004); *Loeffler v. Bureau of Prisons*, 2004 WL 2417805 (S.D.N.Y. Oct. 29, 2004); *Pasciuti v. Drew*, 2004 WL 1247813 (N.D.N.Y. Jun. 2, 2004), *appeal docketed*, No. 04-4039 (2d Cir. Jul. 23, 2004). Two district courts, however, have rejected BOP's interpretation. *See Moreland v. Bureau of Prisons*, 2005 WL 757154 (S.D. Tex. Mar. 30, 2005);[5] *Williams v. Dewalt*, 351 F. Supp. 2d 412 (D.Md. 2004).[6]

With one exception, the courts upholding BOP's "time-served" interpretation do so on the ground that § 3624(b) is ambiguous and that, under *Chevron, U.S.A., Inc. v.*

---

[5] In *Sample v. Morrison*, — F.3d —, 2005 WL 775816 (5th Cir. Mar. 22, 2005), the Fifth Circuit noted in dicta that it would join the other circuits in upholding BOP's interpretation, but dismissed the case for lack of jurisdiction. The court in *Moreland* acknowledged this dicta, but did not follow it, in part because *Sample* was originally an unpublished decision. *See* 2005 WL 757154, at *10 n.9 (citing *Sample*, 2005 WL 648291 (5th Cir. Mar. 22, 2005) (unpublished)). The Fifth Circuit has since decided to publish its decision. *See Sample*, 2005 WL 775816 (5th Cir. Mar. 22, 2005)

[6] The issue is currently before the Fourth Circuit. *See Williams*, 351 F. Supp. 2d at 415 (citing *Yi v. Brooks*, No. 04-6891 (4th Cir. docketed May 26, 2004)).

4

*Natural Resources Defense Council*, 467 U.S. 837 (1984), BOP's interpretation is entitled to deference as an agency's permissible construction of a statute it administers.[7] This majority view relies principally on the fact that GCT for a given year is conditioned on a "determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations," 18 U.S.C. § 3624(b), and that such compliance is possible only during the time the prisoner is actually in prison.

In *Moreland* and *Williams*, by contrast, the courts held that § 3624(b) mandates a "sentence-imposed" method of calculating GCT; therefore, BOP's contrary interpretation was not entitled to *Chevron* deference. *See Moreland*, 2005 WL 757154, at *7-*8; *Williams*, 351 F. Supp. 2d at 413 n.2.[8] In reaching that conclusion, the courts reasoned that other occurrences of the phrase "term of imprisonment" in § 3624 mean "sentence imposed," and that the phrase should be given the same meaning throughout the statute. *See Moreland*, 2005 WL 757154, at *2-*4; *Williams*, 351 F. Supp. 2d at 416-17. The courts also concluded that the statute's legislative history evidenced a congressional intent to allow model prisoners to reduce their sentences by 15%, which is impossible under BOP's "time-served" interpretation. *See Moreland*, 2005 WL 757154, at *4-*6; *Williams*, 351 F. Supp. 2d at 418-19.[9]

---

[7]The exception is *Lamanna*, which holds that § 3624(b) unambiguously compels a "time-served" interpretation. *See* 20 Fed. App. at 361, 2001 WL 1136069, at *1.

[8]The court in *Moreland* also declined to give *Chevron* deference because the prisoner committed her crime before BOP had promulgated § 523.20(a) . *See* 2005 WL 757154, at *7-*8. That is not an issue here, as Garcia's offense postdates the 1997 adoption of § 523.20(a). *See* 62 Fed. Reg. 50, 786 (Sept. 26, 1997).

[9]For example, under BOP's interpretation, 145 days is the full amount of GCT possible for Garcia, which reduces his 37-month sentence by only about 12.9%

5

Finally, in the alternative, the court in *Moreland* relied on the rule of lenity to support a "sentence-imposed" interpretation. *See* 2005 WL 757154, at *6-*7.

## B. Analysis

*Chevron* sets forth a two-step procedure for analyzing an agency regulation implementing a statute: "First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter[.]" *Id.* at 842-43. If, however, the statute is ambiguous, "the question for the court is whether the agency's [interpretation] is based on a permissible construction of the statute." *Id.* at 843.

Having carefully considered the statutory text, legislative history and the applicability of the rule of lenity, the Court adopts the majority view that § 3624(b) is ambiguous as to the method of calculating GCT and that BOP's "time-served" interpretation is entitled to deference as a permissible construction of the statute.

### 1. Statutory Text

With respect to the statutory text, the Court notes that § 3624 does not *always* use "term of imprisonment" to mean "sentence imposed." As Judge Gleeson has pointed out in *Tash*, the statute directs BOP to provide a prisoner with clothing, money and transportation "[u]pon the release of a prisoner on the expiration of the prisoner's *term of imprisonment*," 18 U.S.C. § 3624(d) (emphasis added); there is no question that a prisoner who, because of GCT, actually serves less time than the sentence imposed receives these benefits upon release. *See* 2005 WL 503938, at *4. Moreover, neither *Moreland* nor *Williams* addresses the statutory language conditioning GCT for a given year on a "determination

6

by the Bureau of Prisons that, *during that year*, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b) (emphasis added); *see also id.* ("Credit that has not been earned may not later be granted."). As a number of courts have noted, this statutory language supports a "time-served" interpretation because demonstrating such compliance is possible only during the time the prisoner is actually in prison. *See, e.g., White*, 390 F.3d at 1001 ("The Bureau cannot evaluate a prisoner's behavior and award credit for good conduct if the prisoner is not still in prison."). In sum, the statutory provisions requiring prisoners to earn GCT – coupled with the statute's other uses of "term of imprisonment" to mean both "sentence imposed" and "time served" – create an ambiguity as to how GCT is to be calculated.

## 2. Legislative History

Legislative history does not resolve the ambiguity. In the first place, there appears to be no legislative history directly addressing the method of calculating GCT. *See Loeffler*, 2004 WL 2417805, at *5 ("Nothing in the [staff] report provides any insight into whether § 3624 permits calculations to be made on the basis of time actually served as opposed to the sentence received."). The legislative history relied on by Garcia (and by the courts in *Moreland* and *Williams*) demonstrates, at most, congressional intent (1) to require that GCT accrue at a uniform rate for all prisoners, and (2) to ensure that federal prisoners serve *at least* 85% of their sentences. Neither intent provides much insight into whether GCT should be calculated based on time served or sentence imposed. With respect to the former, both methods of calculation allow prisoners to accrue GCT at a uniform rate. *See id.* With respect to the latter, legislative references to 85% are not statements that prisoners

7

are entitled to reduce their sentences by 15%, but "shorthand reference[s] to the fact that the statute permits a prisoner to receive GCT credit based on 15% of the prisoner's time served (54 days divided by 365 days) rather than a *sub silentio* interpretation of the meaning of 'term of imprisonment.'" *Perez-Olivio v. Chavez*, 394 F.3d at 51 (quoting *Loeffler*, 2004 WL 2417805, at *5 n. 1). In short, as Judge Garaufis has aptly noted in *Sash*, "Congress was not concerned primarily with whether [GCT] should accrue based on the length of the sentence imposed or on time served." 344 F. Supp. 2d at 381.

### 3. Rule of Lenity

Garcia argues that the Court should resolve any ambiguity in § 3624(b) by applying the so-called rule of lenity, under which "an ambiguous criminal statute is to be construed in favor of the accused." *Staples v. United States*, 511 U.S. 600, 619 n.17 (1994). *Moreland* supports this argument, *see* 2005 WL 757154, at *7 ("To the extent there remains any ambiguity in the statute after considering its most natural linguistic meaning and the legislative history, the rule of lenity eliminates all doubt.")

The Court concludes that the rule of lenity does not apply to § 3624(b), and notes that four other courts have reached the same conclusion in upholding BOP's interpretation of the statute. *See Perez-Olivio*, 394 F.3d at 53-54; *O'Donald*, 402 F.3d at 174; *Pacheco-Camacho*, 272 F.3d at 1271; *Sash*, 344 F. Supp. 2d at 381-82. As explained by Judge Garaufis in *Sash*, the rule concerns only "the ambit of criminal statutes and the penalties imposed for criminal conduct." *See* 344 F. Supp. 2d at 831 (citing for this proposition *Bifulco v. United States*, 447 U.S. 381, 387 (1980)). Moreover, the rule's purpose of resolving ambiguities in criminal statutes "so that individuals do not accidentally run afoul of them"

8

is equally well served by a regulation interpreting the statute. *See Pacheco-Camacho*, 272 F.3d at 1272 ("In such a case, the regulation gives the public sufficient warning to ensure that nobody mistakes the ambit of the law or its penalties."). Thus, the rule of lenity does not prohibit agencies from promulgating regulations to resolve ambiguities in the statutes they are charged with administering. *See id.* (citing *Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 704 n.18 (1995)).

Section 3624(b) neither criminalizes conduct nor imposes penalties for such conduct; the statute simply authorizes GCT. Even assuming it could be considered a "criminal statute," BOP may, under *Babbitt*, promulgate regulations resolving ambiguities in the statute, and may do so without regard to the rule of lenity.

### 4. *Chevron* Deference

In sum, legislative history and the rule of lenity notwithstanding, § 3624(b) is ambiguous as to whether GCT is to be calculated based on the sentence imposed or on actual time served. Under *Chevron*, then, the Court must defer to BOP's "time-served" interpretation since, as previously explained, it is a "permissible construction of the statute." 467 U.S. at 843.

### II. Equal Protection

In addition to claiming that its "time-served" interpretation violates § 3624(b), Garcia also claims that BOP is violating his rights under the Equal Protection Clause "by refusing to deduct GCT credit from the initial 365 days served by [him]" while making such a deduction for prisoners sentenced to terms between 366 days and 13 months. Pet. at 5. This constitutional claim has not been raised – or at least has not been addressed – in

9

any of the above-cited cases. The claim, however, is without merit; although BOP limits GCT to time actually served, its calculations plainly include the full 54 days of GCT for the first year served by Garcia.

## CONCLUSION

For the foregoing reasons, Garcia's *habeas* petition is denied.

**SO ORDERED.**

FREDERIC BLOCK<br>
United States District Judge

Brooklyn, New York
April 26, 2005